UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In Re:

**WILFRED PASCASIO** and
**CHRISTINE WATLER**




                                    Debtors.

-------------------------------------------------------------x

Hearing date: June 16, 2011
Hearing time: 10:00 a.m.

Case No.: 10-47561-ess
Chapter 13

**NOTICE OF MOTION**

### NOTICE OF MOTION TO DISALLOW

PLEASE TAKE NOTICE, that, upon the Motion of the Debtor for an Order disallowing the claim of Regions Bank (the "Motion") dated May 18, 2011, the Debtor will move at a hearing to be held before the Hon. Elizabeth S. Stong at the United States Bankruptcy Court, EDNY, Conrad B. Duberstein Courthouse, 271 Cadman Plaza East, Courtroom 3529, Brooklyn, NY 11201 on June 16, 2011 at 10:00 a.m. of said day, or as soon thereafter as counsel can be heard.

PLEASE TAKE FURTHER NOTICE that responsive papers, if any, shall be filed with the Court in compliance with the Court's electronic filing system and served upon Tanya P. Dwyer, Esq. at Dwyer & Associates LLC, 11 Broadway, Suite 615, New York, NY, 10004; Marianne DeRosa 100 Jericho Quadrangle, Suite 208 Jericho, NY 11753; with a courtesy copy delivered to the Hon. Elizabeth S. Stong so as to be received no later than the date and time of the hearing.

Dated: May 18, 2011
New York, New York

                            Respectfully submitted,

                            /s/ Tanya P. Dwyer
                            Tanya P. Dwyer
                            DWYER & ASSOCIATES LLC
                            Attorneys for Debtor
                            11 Broadway, Suite 615
                            New York, NY 10004
                            Tel: (212) 203-4757

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

|  |  |
|---|---|
| In Re: | Case No.: 10-47561-ess<br>Chapter 13 |
| **WILFRED PASCASIO** and<br>**CHRISTINE WATLER** | **OBJECTIONS BY**<br>**DEBTORS TO PROOFS**<br>**OF CLAIM** |

Debtors.
-------------------------------------------------------------x

To The Honorable Elizabeth S. Stong, United States Bankruptcy Judge

The application of WILFRED PASCASIO and CHRISTINE WATLER (the "Debtors") objecting to the allowance of the unsecured claim #3, respectfully allege:

1. On August 10, 2010, the Debtors filed with this court a petition pursuant to Chapter 13 of Title 11 U.S.C. (the "Bankruptcy Code"). Michael J. Macco was originally appointed as Chapter 13 Trustee and was replaced by Marianne DeRosa, the standing Chapter 13 Trustee on September 15, 2010. A confirmation hearing was held on October 8, 2010 and subsequently adjourned to June 16, 2011.

2. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 18 U.S.C. §§ 1408 and 1409. The statutory basis for relief sought herein are Title 11 U.S.C. §§ 502 and Fed.R.Bankr.P. Rules 3001 and 3007.

3. By this motion, the Debtors seek to disallow Claim #3, filed by Regions Bank. Copies of the original and amended proofs of claim have been annexed to this Motion as Exhibits A and B, respectively.

4.  The last date to timely file proofs of claim was February 06, 2011 for
    governmental creditors and December 14, 2010 for all other creditors (the "Bar
    Date").  On September 9, 2010, Regions Bank filed a two-page proof of claim
    with no supporting documents (the "Original Claim"). On April 20, 2011, it filed
    an amended proof of claim and attached two documents: a "Mortgage" and an
    "Equity Assetline Agreement" (the "Amended Claim").

5.  The Bankruptcy Code states that a proof of claim will be deemed allowed unless
    the debtor or other party in interest objects.  *See* 11 U.S.C. § 502(a). A proof of
    claim that is untimely filed, i.e., not filed by the Bar Date, will be automatically
    disallowed unless it meets certain exceptions.

6.  Bankruptcy Rule 3001 requires that when a proof of a claim is based on a writing,
    an original or duplicate of the writing must be filed with the proof of claim.[1]

7.  Line 7 of Official Form B10 sets forth what type of supporting documents will act
    as evidence of the validity of the claim:

        "Documents: Attach redacted copies of any documents that support the
        claim, such as promissory notes, purchase orders, invoices, itemized
        statements or running accounts, contracts, judgments, mortgages, and
        security agreements. You may also attach a summary. Attach redacted
        copies of documents providing evidence of perfection of a security
        interest. You may also attach a summary."

8.  The purpose of these rules is to ensure that debtors and other interested parties
    have sufficient information to determine whether to object to the claim. Failure to
    attach the documentation required by Rule 3001 will result in the loss of the prima
    facie validity of the claim. In re Lundberg, No. 02-34542(LMW), 2008 WL

---

[1] Fed. R. Bankr. P. 3001(c).  If the writing has been lost or destroyed, a statement
describing the loss or destruction must be filed.

4829846, at *2 (Bankr.D.Conn.2008) ("If the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, e.g., by failing to attach sufficient documentation to comply with Fed. R. Bankr.P. Rule 3001(c), the claim is ... deprived of any prima facie validity which it could otherwise have obtained.")

9.  Regions' Original Claim was filed before the Bar Date and lacked supporting documentation establishing a valid claim. The claim does not establish a prima facie showing that there are valid contracts between the debtor and the creditor, nor how the amounts were computed. Debtor therefore objects to the allowance of Regions' claim.

10.  When the bar date has passed, claim amendment is subject to the discretion of the court. *See In re McLean Indus., Inc.*, 121 B.R. 704, 708 (Bankr.S.D.N.Y.1990) ("It is well-settled that the decision to permit an amendment of a proof of claim rests within the sound discretion of the bankruptcy judge."). "Post-bar date amendments should be scrutinized to ensure that the amendment is not making a new claim against the estate." *In re Clamp-All Corp.*, 23,5 B.R. 137 (1st Cir. BAP1999). In this jurisdiction, courts follow a two-prong test to determine whether a claim will be amended. First, a court must determine whether there was a "timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." *In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 95 (Bankr. S.D.N.Y.2007). "If the first prong is satisfied, the court must then determine whether it would be equitable to allow the amendment." Id. at 95.

11. In this case, the Court should not allow Regions' Amended Claim because the Original Claim did not give a basis under which the claim was filed and for which the Debtor's estate would be held liable. Additionally, it would be inequitable to allow the Amended Claim because doing so would prejudice the unsecured creditors in this case. Therefore the claims should be disallowed and expunged.

12. No prior application has been made fore the relief requested herein.

**WHEREFORE**, it is respectfully requested that the Court grant the relief requested herein, to wit, disallowing, expunging claim #3, together with such other and further relief as is just and equitable.

Dated: New York, New York
       May 18, 2011

/s/ Tanya P. Dwyer
Tanya P. Dwyer, Esq. (TD2845)
Dwyer & Associates LLC
*Attorneys for the Debtors*
11 Broadway, Suite 615
New York, NY 10004
(212) 203-4757

**EXHIBIT A**

## CERTIFICATE OF SERVICE

**Pursuant to FRBC 7005 & 9014(b) and FRCP 5(b)(2)(D) all parties noted in the Court's ECF transmission facilities have been served via ECF.**

**The following have been served by mail:**

Marianne DeRosa
100 Jericho Quadrangle
Suite 208
Jericho, NY 11753

## CERTIFICATE OF SERVICE BY MAIL / ECF

This document was served pursuant to FRBC 7004, 9001(8), 9013, 9014(b): 1) by mail in envelopes addressed to each of the parties addressed above; and /or 2) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted on the Court's ECF transmission facilities, on May 18, 2011. The undersigned declares, under penalty of perjury pursuant to 28 USC 1746 that the foregoing is true and correct.

Signed: /s/ Tanya Dwyer
Tanya Dwyer

Date: May 18, 2011